E-FILED
Monday, 25 September, 2006   03:46:42 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-3198 |
| | ) | |
| STEVEN C. BRYANT (Warden), | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 1) (Petition). This is the initial consideration of the Petition under Rule 4 of the Rules Governing § 2254 Cases.

From the face of the Petition, it is clear that the direct appeal of Petitioner's underlying criminal case is currently pending in state court. See Petition, ¶¶ 9, 11(d). A district court typically may not provide habeas relief unless the petitioner has exhausted his available remedies in the state courts, and any petition containing unexhausted claims must be dismissed or stayed. 28 U.S.C. § 2254(b); Rhines v. Weber, 544 U.S. 269 (2005).

1

Exhausting all state remedies includes presenting each claim on appeal to the Illinois appellate court and in a petition to the Illinois Supreme Court for discretionary review. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003). If a petitioner has not exhausted the available state remedies, the district court typically dismisses "his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

In the instant case, the Court sees no reason to stay, rather than dismiss, the Petition. The Court notes that the rule against successive habeas petitions does not bar a petitioner from refiling once he exhausts his available state remedies. See Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998).

THEREFORE, Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 1) is DISMISSED without prejudice for failure to exhaust state remedies. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: September 22, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE